IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

AUTO-OWNERS INSURANCE :
COMPANY, a Corporation,
 :
    Plaintiff
 :
v.
 : CIVIL ACTION NO.: 7:03-CV-17
ROBERT B. ANDERSON, JR., and
ANDERSON INSURANCE AGENCY, :
INC., a Corporation
 :
    Defendants
 :

## *COMPLAINT FOR INDEMNITY*

NOW COMES Auto-Owners Insurance Company and for its cause of action against the defendants shows the court the following, to-wit:

1.

Plaintiff is a corporation incorporated under the laws of Michigan, having its principal place of business at 6101 Anacapri Boulevard, Lansing, Michigan 48917.

2.

The defendant Robert B. Anderson, Jr., is a citizen of Lowndes County, Georgia, residing at 113 West Brookwood Drive, Valdosta, Georgia 31601.

3.

The defendant Anderson Insurance Agency, Inc., is a Georgia Corporation with its principal place of doing business situated in Lowndes County, Georgia, and may be served by serving its registered agent for service of process, Robert B. Anderson, Jr., at the registered office of said corporation situated at 113 West Brookwood Drive, Valdosta, Lowndes County, Georgia 31601.

4.

The matter in controversy exceeds, exclusive of interests and costs, the sum specified by 28 USC §1332, namely Seventy-Five Thousand and No/100 ($75,000.00) Dollars.

5.

Jurisdiction and venue are appropriate in that both defendants reside in the Valdosta Division of the Middle District of Georgia.

6.

This action is a renewal action of a previously filed civil action, between the same parties hereto, in the Superior Court of Lowndes County, Georgia, Civil Action Number 99-CV-2580, which said action was voluntarily dismissed, without prejudice, on September 24, 2002, and all costs in said action have been fully paid.

7.

At all times pertinent hereto, Robert B. Anderson, Jr., was a licensed insurance agent in the State of Georgia and was the owner and operator of defendant Anderson Insurance Agency, Inc.

8.

Plaintiff shows that in April of 1993, the defendants, purporting to be authorized agents of plaintiff, issued binders for general liability coverage and other coverages to Allison Metal Fabrications, Inc., a contractor, so that Allison Metal Fabrications, Inc., could obtain certain contracts and/or subcontracts for the erection of certain facilities in Columbia County, Florida.

9.

At the time the aforesaid defendants purportedly bound coverage with Auto-Owners Insurance Company, the defendants knew that they had no authority to do so, were binding coverage that was not acceptable to the plaintiff, that could not be issued and would not be issued by the plaintiff, and did so without authority.

10.

Furthermore, even after defendants were specifically informed that said coverage did not exist and could not exist with Auto-Owners, even though defendants were already aware that Auto-Owners would not issue such coverage, defendants nevertheless, and with total lack of authority, continued to issue certificates of insurance showing that Auto-Owners Insurance Company did in fact provide coverage when in fact Auto-Owners Insurance Company had never provided coverage to Allison Metal Fabrications, Inc., with regard to

the matters hereinafter set forth. Such activity included, but is not limited to, the issuance of a certificate of coverage in October, 1993, which purportedly continued to evidence that Auto-Owners Insurance Company insured Allison Metal Fabrications, Inc., for certain general liability and for other matters.

11.

Plaintiff shows that on October 12, 1993, Harold Hutson was injured on a job site in Columbia County, Florida, and thereafter brought a lawsuit, along with his wife, Cathryn R. Hutson, and Angela Hutson, his daughter, against Columbia Grain and Ingredients, Inc., and Allison Metal Fabrications, Inc., defendants, in the Circuit Court of the Third Judicial Circuit in and for Columbia County, Florida, Case Number 97-277-CA, said Civil Action having been filed on July 3, 1997, and served on Allison Metal Fabrications, Inc., on July 22, 1997.

12.

As a result of the aforesaid wrongful, illegal, and illicit activities of the defendants herein, and the knowingly inappropriate issuance of the certificate of coverage which was false and which was known to be false to the defendants, Auto-Owners Insurance Company, by virtue of the agency relationship, and apparent authority, was required to provide indemnification and a defense to Allison Metal Fabrications, Inc., out of said loss, even though Auto-Owners Insurance Company had never issued a policy, had never offered to issue a policy, had never agreed for coverage to be bound, had never received premium for a policy, and in fact afforded no coverage, except for the wrongful and inappropriate acts of the defendants herein which required and resulted in Auto-Owners Insurance Company having to cover the aforesaid loss.

13.

As a result of the malfeasance of the defendants herein, Auto-Owners Insurance Company was required to pay on behalf of Allison Metal Fabrications, Inc., the sum of Four Hundred Fifty Thousand and No/100 ($450,000.00) Dollars in damages to Harold Hutson, Cathryn R. Hutson, and Angela Hutson, with regard to coverage that was not written, and would never have been written under the guidelines then in place, and the underwriting requirements of Auto-Owners Insurance Company, all of which was well known to the defendants, and the defendants in effect falsely and fraudulently represented that Auto-

Owners Insurance Company in fact provided insurance coverage when it in fact never had and never did provide any such insurance coverage. Nevertheless, in addition to the aforesaid amount paid for damages on behalf of its purported insured, Auto-Owners Insurance Company was additionally required to expend significant sums in defense of the Florida lawsuit all due to the malfeasance of defendants, for which defendants are additionally liable to plaintiff.

Plaintiff shows that the acts of the defendants herein were willful, intentional, were fraudulent, and constitute actionable fraud, as well as breach of contract, breach of the duties of an agent, and were done in total violation of law by the defendants herein, and the plaintiff is entitled to recover indemnity from the defendants in the amount of Four Hundred Fifty Thousand and No/100 ($450,000.00) Dollars, which said sum was paid on October 31, 1997, together with all costs of defense and other expenses associated with the defense of said action brought against said Allison Metal Fabrication, Inc., by the Hutsons, together with all costs of this action, and such other and further relief as to the court may seem equitable and just.

WHEREFORE, Auto-Owners Insurance Company prays that it have judgment of the defendants, jointly and severally, in the amount of Four Hundred Fifty Thousand and No/100 ($450,000.00) Dollars, plus all other costs associated with the defense of the aforesaid civil action, together with all costs of this action, and such other and further relief as to the court seems equitable and just.

## DEMAND FOR JURY TRIAL

NOW COMES the plaintiff and demands a trial by a jury in the above-styled case as to all issues so triable.

This 24 day of February, 2003.

JOHN T. CROLEY, JR.
State Bar Number: 197150
Attorney For: Plaintiff

Post Office Box 690
Fitzgerald, Georgia 31750
Tele: (229) 423-6608
Fax: (229) 424-0070