# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **AUTO-OWNERS INSURANCE COMPANY, a Corporation,** : : : Plaintiff, : : v. : : **ROBERT B. ANDERSON, JR., and** : **ANDERSON INSURANCE AGENCY,** : **INC., a Corporation,** : : Defendants. : | Civil Action No. 7:03-cv-17 (HL) |

## ORDER

At the pretrial conference held on August 29, 2006, Defendants argued that the Court's previous rulings, made in orders on motions for summary judgment and in limine, that Auto-Owners had an obligation to provide coverage to Allison Metal, was not dispositive of the issue. Defendants argued, therefore, that the parties should be permitted to present evidence at trial regarding whether Auto-Owners had an obligation to provide coverage to Allison Metal. Before issuing a ruling on this question, the Court directs Defendants to respond to the following.

The Court previously found, and Defendants acknowledge in their outline of the case, as presented in the Proposed Pretrial Order, that Anderson Insurance Agency (1) was an agent of Auto-Owners and (2) had authority to bind coverage on behalf of Auto-Owners. Furthermore, the Court found for purposes of summary judgment that (3) Anderson Insurance sent a certificate of insurance to Columbia Grain on October 12, 1993, and (4) Robert Anderson

accepted premium payments from Allison Metal. Relying on these facts, the Court concluded that Auto-Owners was obligated to defend Allison Metal under a policy of insurance. (See Order of Feb. 19, 2004.) Recognizing that Defendants disagree with the Court's conclusion, do Defendants also dispute the four findings that led to the Court's conclusion? If so, and if allowed to revisit the issue, what evidence do they expect to produce at trial that could change those findings? Furthermore, what additional evidence do Defendants expect to produce at trial that would bear on the issue of whether Auto-Owners was obligated to defend Allison Metal under a policy of insurance?

Defendants are directed to respond to the Court's inquiry in writing not later than September 6, 2006. No affidavits or attachments are required; a summary of the relevant evidence will suffice.

**SO ORDERED**, this the 31st day of August, 2006.

s/   Hugh Lawson
**HUGH LAWSON, JUDGE**

mls