## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

| | | |
|---|---|---|
| **AUTO-OWNERS INSURANCE COMPANY, a Corporation,** | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 7:03-cv-17 (HL) |
| **ROBERT B. ANDERSON, JR., and ANDERSON INSURANCE AGENCY, INC., a Corporation,** | : | |
| Defendants. | : | |

## **ORDER**

This matter came before the Court for a pretrial conference on August 29, 2006. After hearing from the parties, the Court directs as follows.

1. Plaintiff's First Motion in Limine [doc. 87] is granted. Plaintiff intends to call Frank Myers and Brian Hiesrodt to testify as to the reasonableness of the settlement reached with Harold Hutson. Plaintiff anticipates that these witnesses will comment on the statements of out-of-court witnesses. Plaintiff requests that they be allowed to do so without the necessity of having to call the witnesses who made the statements. Defendants do not oppose Plaintiff's request but ask that their expert witness, Roger Dodd, also be allowed to comment on the statements of out-of-court witnesses without the necessity of having to call the witnesses who made the statements. Defendants request is also granted.

2. Plaintiff's Second Motion in Limine [doc. 89] is denied, in part, as more fully explained herein.

Plaintiff anticipates that Defendants' expert witness, Roger Dodd, will testify to the following:

> (a) Allison Metal was not liable to Harold Hutson;
> (b) Auto-Owners' settlement of Harold Hutson's claim against Allison Metal was not reasonable;
> (c) Defendants' actions did not obligate Auto-Owners to provide insurance coverage to Allison Metal;
> (d) Anderson Insurance and Robert Anderson did not defraud Allison Metal; and
> (e) Auto-Owners is not entitled to recover from Robert Anderson or Anderson Insurance in indemnity.

Plaintiff objects to testimony by Dodd on issues (c), (d), and (e). The Court will address each objection in turn.

*(c) Defendants' actions did not obligate Auto-Owners to provide insurance coverage to Allison Metal.*

Plaintiff maintains that this Court has determined as a matter of law that Auto-Owners had a legal obligation to provide coverage to Allison Metal for any liability to Hutson. Plaintiff contends, therefore, that any testimony by Dodd as to Auto-Owners' obligation to provide coverage would be inappropriate.

Defendants maintain that the Court's determination in its orders on motions for summary judgment that Auto-Owners was obligated to provide coverage is not dispositive of the issue and that testimony as to the issue, including that of Dodd, should be permitted at trial. They contend that because the issue of Auto-Owners' obligation to provide coverage was only addressed for the purpose of denying Defendants' Motion for Summary Judgment, the issue has

2

not been decided as a matter of law and can still be the subject of testimony at trial. The Court agrees with Defendants.

As Defendants note, the summary judgment motions were brought by Defendants. Therefore, the Court's findings were made while construing the evidence in the light most favorable to Plaintiff, as the non-moving party. Thus, the determinations made by the Court for purposes of making the summary judgment determinations are not necessarily conclusive on the parties for purposes of trial. The decision of the United States Court of Appeals for the Eleventh Circuit in Lind v. UPS, 254 F.3d 1281 (11th Cir. 2001), supports this result.

In Lind, the Eleventh Circuit held that it will not review the pretrial denial of a motion for summary judgment after a full trial and judgment on the merits. Id. at 1286. In reaching its result, the court quoted with approval from a decision of the Federal Circuit, in which that court stated the following,

> A Rule 56(d) order *granting* partial summary judgment from which no immediate appeal lies is *merged* into the final judgment and reviewable on appeal from that final judgment . . . .
> An order *granting* [summary] judgment on certain issues is a judgment on those issues. It forecloses further dispute on those issues at the trial stage. An order *denying* a motion for partial summary judgment, on the other hand, is merely a judge's determination that genuine issues of material fact exist. It is not a judgment, and does not foreclose trial on the issues on which summary judgment was sought.

Glaros v. H.H. Robertson Co., 797 F.2d 1564, 1573 (Fed. Cir. 1986) (cited with approval in Lind, 254 F.3d at 1284).

In this case, Defendants moved for summary judgment on two occasions; on both occasions, the motions were denied. Thus, there has been no "judgment" on the question of

whether Auto-Owners had an obligation to provide insurance coverage to Allison Metal and the issue is not foreclosed at trial. Therefore, Defendants' expert witness, as well as Plaintiff's expert witnesses, may testify at trial concerning Auto-Owners' obligation to provide insurance coverage to Allison Metal. Plaintiff's Second Motion in Limine is denied insofar as it seeks to prohibit testimony on the issue of Auto-Owners' obligation to provide insurance coverage to Allison Metal.

> *(d) Anderson Insurance and Robert Anderson did not defraud Allison Metal; and*
> *(e) Auto-Owners is not entitled to recover from Robert Anderson or Anderson Insurance in indemnity.*

Auto-Owners argues that testimony from an expert as to the ultimate issues of whether Robert Anderson defrauded Allison Metal and whether Auto-Owners is entitled to recover from Defendants should be prohibited. Auto-Owners argues that such testimony will not serve as an aid to the jury.

The Federal Rules of Evidence provide that opinion testimony "is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." Fed. R. Evid. 704. However, as the committee notes appended to the Rule make clear, there is a distinction between that testimony which embraces an ultimate issue and that "which would merely tell the jury what result to reach," with the former being admissible, while the latter is not. Fed. R. Evid. 704 advisory committee's note.

As the example provided by the advisory committee notes demonstrates, the distinction between testimony that embraces an ultimate issue and testimony that merely tells the jury what result to reach is a fine one. The distinction is made even more difficult when presented to the

Court in the abstract, in the context of a pretrial motion. Rather than attempt to spell out here what testimony will be admissible and what testimony will not be admissible at trial, the Court reserves ruling on the matter. For purposes of this Motion, the Court holds that testimony that serves only to tell the jury what result it should reach will not be allowed at trial, but the Court declines to attempt to delineate here specifically what testimony will be barred under this ruling. Plaintiff, and Defendants should they desire, should request a more specific ruling from the Court at the appropriate time during the trial.

    3. Defendants' Pre-Trial Motion in Limine [doc. 93], which consists of five subparts, is denied as to each subpart. The Court disagrees with the assertions of counsel and finds that the evidence Defendants seek to exclude is relevant to the issues to be presented at trial. Although this is an action in common law indemnity, evidence pertaining to the contracts and other agreements of the parties, as well as duties owed to one another and owed to Allison Metal have some bearing on the issues to be determined at trial.

    **SO ORDERED**, this the 8th day of September, 2006.

                                               /s/ Hugh Lawson
                                              **HUGH LAWSON, JUDGE**

mls