# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| **AUTO-OWNERS INSURANCE** | : | |
| **COMPANY, a Corporation,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 7:03-cv-17 (HL) |
| | : | |
| **ROBERT B. ANDERSON, JR., and** | : | |
| **ANDERSON INSURANCE AGENCY,** | : | |
| **INC., a Corporation,** | : | |
| | : | |
| Defendants. | : | |

## **ORDER**

This matter is before the Court on Plaintiff's Motion to Add Additional Witness and Trial Exhibit [docs. 108 and 110[1]]. The Motion was filed on September 11, 2006. As of this writing, no response to the Motion has been filed by Defendants.[2]

On September 8, 2006, the Court entered an Order concluding that the issue of whether Auto-Owners had an obligation to provide insurance coverage to Allison Metal had not been decided as a matter of law, and that the parties would be permitted to present evidence on the issue. In response to that ruling, Auto-Owners has now moved for permission to add John

---

[1] Document 110 appears to be a duplicate of document 108.

[2] The Court contacted counsel for Defendants on September 13, 2006, to inquire as to whether counsel intended to oppose the Motion. Counsel advised the Court that he opposed the Motion and intended to file a response, but did not indicate when a response would be filed. Because the trial of this case is scheduled to begin on September 18, 2006, the Court deems it necessary to rule on the Motion without further delay. The Court takes notice of Defendants' opposition to the Motion.

Croley to its witness list, so that Croley can testify regarding the issue of whether Auto-Owners had an obligation to provide liability coverage to Allison Metal. The Court finds it appropriate to grant Auto-Owners' request. Auto-Owners could not reasonably have known until the Order of September 8, 2006, was entered, that it needed an expert to testify on this issue.

The Court is aware, and the record reflects, that the relationship between Croley, who previously represented Auto-Owners in this case, and counsel for Defendants is somewhat antagonistic. However, the Court does not believe that the relationship between the witness and defense counsel provides a basis for denying Auto-Owners' motion. The relationship between Croley and defense counsel might be an appropriate subject for cross-examination, but in the Court's view is not a sufficient ground for keeping Croley from appearing as a witness.

Auto-Owners also requests that it be allowed to amend its exhibit list to include documents which it intends to use to impeach Defendants concerning the authenticity of a number of its exhibits. Specifically, Auto-Owners requests that it be allowed to use discovery responses made a part of the record in this case when it was pending in the Superior Court of Lowndes County, Georgia. The Court finds that Auto-Owners reasonably could not have known of the need for such documents until Defendants made their authenticity objections at the pretrial conference. Moreover, the documents should be well known to Defendants and will not result in unfair surprise to them. Therefore, Auto-Owners' request that it be allowed to add the discovery responses as an impeachment exhibit is granted.

Consistent with the foregoing, Plaintiff's Motion to Add Additional Witness and Trial Exhibit [docs. 108 and 110] is granted.

**SO ORDERED**, this the 15th day of September, 2006.

  /s/ Hugh Lawson
**HUGH LAWSON, JUDGE**

mls